IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES L. GORRELL,

    Plaintiff,

v.                                        Civil Action No. 5:11CV44
                                                    (STAMP)
CPL. SHANNON HUFFMAN,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE**

I. Background

On February 10, 2011, the plaintiff in the above-styled civil action filed a civil complaint in the Magistrate Court of Tyler County, West Virginia alleging that the defendant violated his civil rights by conducting an illegal stop, performing an illegal search, and issuing a pretextual citation. Because the plaintiff alleges civil rights violations, which are actionable under 42 U.S.C. § 1983, the defendant removed the case to this Court on March 21, 2011 pursuant to 28 U.S.C. § 1331. On March 28, 2011, the plaintiff filed a motion to dismiss without prejudice or, in the alternative, motion to remand to magistrate court. The defendant filed a timely response to the plaintiff's motion, but the plaintiff did not file a reply. The plaintiff's motion to dismiss without prejudice is currently pending before this Court.

II. Applicable Law

In federal civil suits, the plaintiff has an absolute right to dismiss without prejudice up until the defendant answers the

complaint or moves for summary judgment. Fed. R. Civ. P. 41(a)(1). Once the defendant has answered the complaint, however, dismissal is only by court order or by stipulation of the parties. Id.; see Carnis Delp v. Am. Optical Corp., No. 5:10-cv-00996, 2010 WL 3744075, at *1 (S.D. W. Va. Sept. 21, 2010) (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 394 (1990)). In considering whether to grant a plaintiff's voluntary motion to dismiss, the Court will consider such factors as "'the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal,' as well as 'the present stage of litigation.'" Miller v. Terramite Corp., 114 F. App'x 536, 539 (4th Cir. 2004) (quoting Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996)).

III. Discussion

In this case, the plaintiff did not file a notice of dismissal pursuant to Rule 41(a)(1)(A)(I) before the defendant filed his answer on March 28, 2011. Further, there is no stipulation of dismissal signed by both parties pursuant to Rule 41(a)(1)(A)(ii). However, this Court can and will grant the plaintiff's motion to dismiss under Rule 41(a)(2), but without prejudice to bringing an action, if he can, in state court. The complaint as filed clearly states a civil rights action under 42 U.S.C. § 1983. Thus, this Court acknowledges that another action in state court presenting the same allegations would probably be subject to removal. This

Court declines to remand this case because the plaintiff has pled a federal cause of action, specifically, claims under § 1983.

IV. Conclusion

For the reasons stated above, the plaintiff's motion to dismiss is GRANTED WITHOUT PREJUDICE.[1]  It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:    May 25, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[1] While this Court declines to impose any sanctions upon the plaintiff or his counsel at this time, the plaintiff and his counsel are advised that this Court considers some of the language in the plaintiff's motion to be unprofessional and inappropriate as to counsel and inappropriate as to the plaintiff as a party, to put it charitably.  The use of similar language in any pleading later filed, should this case return to this Court, will be treated less generously.